## ABOOD v. TURNER.

### No. 5403.

Circuit Court of Appeals, Third Circuit.

Sept. 17, 1934.

George Y. Meyer, Meyer & Nunnink, and Samuel G. Wagner, all of Pittsburgh, Pa., for appellant.

Sebastian C. Pugliese and Charles J. Margiotti, both of Pittsburgh, Pa., for appellee.

Before DAVIS, Circuit Judge, and JOHNSON and CLARK, District Judges.

JOHNSON, District Judge.

This is an action of trespass to recover damages for the death of Carl G. Abood through the negligent operation of an automobile by the defendant on the Lincoln Highway near Buckstown, Somerset county, Pa. The case was tried before the court and a jury, and a verdict was rendered for the plaintiff in the sum of $5,000. The defendant filed a motion for a new trial, and also a motion for judgment non obstante veredicto, which were overruled. Judgment was entered for plaintiff on the verdict, from which an appeal has been taken to this court.

The material facts of the case are briefly as follows: The defendant, Jean Turner, accompanied by her sister, was driving an automobile on April 15, 1932, from her home in Youngstown, Ohio, to Annapolis, Md., over the Lincoln Highway, and about 10:15 o'clock in the forenoon struck or came in collision with Carl G. Abood, who was walking across the highway, causing injuries resulting in his death. The accident happened in front of the Williamson home near Buckstown. Just before the accident, the deceased had driven his automobile westwardly on the Lincoln Highway, parked it on his right side, off the highway, stepped from his automobile on his right side, walking to the rear of the car, and was in the act of crossing the highway when struck by defendant's automobile. At the point of the accident there was a clear view of the highway, in the direction from which the defendant was coming, for a long distance.

There was evidence in the case that the defendant was driving her car at the time of the accident at a high rate of speed, as high as 55 miles an hour, and that the deceased had almost crossed the highway and was on the defendant's extreme right-hand side of the highway when struck by her car.

From the evidence in the case, two questions of fact arose for the determination of the jury: First, the negligence of the defendant in operating her car at a high and negligent rate of speed; and, secondly, the con-

tributory negligence of the deceased in walking across the highway ahead of defendant's oncoming automobile.

First, as to the defendant's negligence. The statute of Pennsylvania (75 PS § 501 (a) defining the duties of a driver of a car requires that "Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed, not greater than, nor less than, is reasonable and proper, having due regard to the traffic, surface and width of the highway, and of any other restrictions or conditions then and there existing; and no person shall drive any vehicle upon a highway at such a speed as to endanger the life, limb or property of any person, nor at a speed greater than will permit him to bring the vehicle at a stop within the assured clear distance ahead." This statute also fixes the maximum speed at 40 miles per hour (75 PS § 501 (b) subd. 4). Considering the requirements of the law and the evidence of the speed of defendant's car at the time of the accident, the negligence of the defendant was a question of fact for the jury and not of law for the court.

Secondly, as to contributory negligence of the deceased. The presumption is that he exercised care; that he looked before attempting to cross the highway and watched while crossing. No positive evidence was offered showing that he failed to perform this duty. It cannot be held, as a matter of law, that he was negligent in attempting to cross the highway, although the car may have been in sight. If the car was at such distance away when he started to cross the highway as to lead a reasonably prudent person to believe that he could cross the highway in safety by exercising care, the deceased could not be held guilty of negligence in attempting to cross. He had a right to assume that the driver of the automobile would exercise proper care in driving her car to avoid running against him. Considering that the deceased is presumed to have exercised care in attempting to cross the highway and that he had a right to assume the defendant would exercise care in approaching him, and considering the evidence of the high speed of the defendant's car, and the point of collision, the extreme side or edge of the highway on the right of the defendant, and that the deceased had almost cleared the highway when struck, the question of the negligence of deceased was clearly one of fact for the jury and not of law for the court.

The trial court was therefore correct in submitting the questions of the negligence of the defendant and the contributory negligence of the deceased to the jury, and the jury were warranted in their verdict for the plaintiff, and the judgment of the court below is, therefore, affirmed.